# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| RECO LAMONT MILLER, ) | C/A No. 4:15-0021-BHH-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| WARDEN, LEE CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Reco Lamont Miller ("Petitioner/Miller"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 6, 2015. Respondent filed a motion for summary judgment on May 29, 2015, along with a return and supporting memorandum. The undersigned issued an order filed June 1, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner failed to file a response.

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)   the degree of plaintiff's responsibility in failing to respond;

    (2)   the amount of prejudice to the defendant;

    (3)   the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. Therefore, the procedural history is set forth for reference purposes.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Lee Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Lancaster County, South Carolina, convictions and sentence. The Lancaster County Grand Jury indicted Petitioner in July 2002 for three counts of kidnaping (02-GS-29-904 through -906), three counts of murder (02-GS-29-907 through -909), three counts of possession of a weapon during the commission of a violent crime (02-GS-29-910 through -912), and one count of resisting arrest (02-GS-29-13). App. pp. 99- 104. Matthew Niemiec, Esquire, represented him on these charges.

On August 4, 2005, Petitioner pleaded guilty to one count of kidnaping (02-GS-29-905) and no-contest to two counts of kidnaping (02-GS-29-904 & -906) before the Honorable Brooks P. Goldsmith. The other charges were *nolle prossed* pursuant to the plea agreement. Judge Goldsmith imposed concurrent sentences of twenty-two years for each count. App. pp. 1-54. Petitioner timely served and filed a notice of appeal. Matthew Niemiec represented him on appeal. On September 27, 2005, the South Carolina Court of Appeals dismissed the appeal "due to failure of the Appellant to provide information regarding the transcript and/or serve and file Appellant Initial Brief and Designation of Matter." App. p. 97. It sent the remittitur to the Lancaster County Clerk of Court on October 13, 2005. App. p. 98.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (2006-CP-29-522) on May 22, 2006. App. pp. 57-63. He raised the following allegations in his Application:

1. Ineffective Assistance of Trial Counsel:

    (a). Counsel talked Applicant into entering guilty plea.

2. Subject matter jurisdiction.

    (a) Indictment says general sessions.

      3. Denial of Appeal.

          (a). Appeal dismissed due to rules violation.

App. pp. 57-63. The State filed its Return on February 20, 2008. App. pp. 64-74.

      The Honorable Kenneth G. Goode held an evidentiary hearing into these claims on February 26, 2008, at the Fairfield County Courthouse. Petitioner was present at the hearing and M. Rita Metts, Esquire, represented him. Assistant Attorney General S. Prentiss Counts represented the State. Petitioner testified on his own behalf at the hearing. The State presented testimony from plea counsel, Mr.Niemiec. App. pp. 75-87. Judge Goode denied relief and dismissed the Application with prejudice in an Order of Dismissal filed on April 29, 2008. The Order of Dismissal addressed Petitioner's claims that plea counsel was ineffective for failing to sufficiently explain the charges and time he was facing and for not making sure that Petitioner understood that he would be required to serve 85% of the sentence imposed on him. App. pp. 89-95.

      Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender LaNelle C. Durant represented him in collateral appellate proceedings. On September 12, 2008, Petitioner (with the assistance of Ms. Durant) filed a Petition for Writ of Certiorari. The Certiorari Petition presented two issues for review:

    1.    Did the PCR court err in failing to find counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly?
    2.    Did the PCR court correctly agree to a belated appeal although the judge inadvertently failed to address the belated appeal in his order?

Petition for Writ of Certiorari, p. 2. Also on September 12, 2008, Ms. Durant filed an <u>Anders</u> Brief of Appellant Pursuant to <u>White v. State</u>, 263 S.C. 110, 117-19, 208 S.E.2d 35, 39-40 (1974).which raised the following issue:

>Did the trial court err in not insuring that appellant's guilty plea complied with the mandate of Boykin v. Alabama?

The State filed a Return to Petition for Writ of Certiorari on January 27, 2009, addressing both issues in the Petition. The State consented to a belated appeal. (Return to Petition for Writ of Certiorari, p. 10.) However, it opposed relief on the first issue in the Petition. (Return to Petition for Writ of Certiorari, pp. 6-10.)

The South Carolina Supreme Court filed an order denying certiorari on May 14, 2009. It sent the remittitur to the Lancaster County Clerk of Court on June 2, 2009.

On May 2, 2012, Petitioner filed a second PCR Application (2012-CP-29-708) on May 22, 2012, in which he raised the following allegations:

   A.   Subject matter jurisdiction.

   (a) Indictment says general sessions.

   B.   Denial of appeal.

   (b) Atty. didn't [file a] brief for appeal.

   C.   Ineffective assistance of counsel.

   (c). I could've gotten a lesser charge with a lesser sentence.

   D.   Speedy trial

Petitioner filed a third PCR application on November 9, 2012, in which he raised the following claims:

   A.   Subject matter jurisdiction. 546 S.E2d 522.

   B.   Ineffective assistance of counsel.

    C.    Credit for time served.

On December 20, 2012, the State filed a "Motion for Merger," in which it asked that the two successive 2012 applications be merged, "with docket number 2012-CP-29-0708 being the surviving case" and with Application 2012-CP-29-1603 being treated as an amendment to that Application. On December 20, 2012, Judge Goldsmith, as the Chief Administrative Judge for the Court of Common Pleas for the Sixth Judicial Circuit, filed an Order merging the 2012 applications, "with docket number 2012-CP-29-0708 being the surviving case" and with Application 2012-CP-29-1603 being treated as an amendment to that Application.

On May 1, 2013, the State filed a Return and Motion to Dismiss. The State argued that Petitioner's Application 2012-CP-29-708 should be summarily dismissed because it was successive to the previous Application, see S.C. Code Ann. § 17-27-90 (2003); Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980); Aice v. State, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991), and because it was untimely under the statute of limitations for PCR applications, S.C. Code Ann. §17-27-45(A)\(2003).

The Honorable J. Ernest Kinard, as the Chief Administrative Judge for the Court of Common Pleas for the Sixth Judicial Circuit, filed a Conditional Order of Dismissal on May 8, 2013. The Conditional Order of Dismissal stated that: "Pursuant to S.C. Code Ann. §17-27-70(b), the Court intends to dismiss this Application with prejudice unless the Applicant provides specific reasons, factual or legal, why the Application should not be dismissed in its entirety. The Applicant is granted twenty (20) days from the date of service of this Order upon him to show why this Order should not become final." An Affidavit of Personal Service reflects that SCDC officials served the Conditional Order on Petitioner on December 13, 2013.

However, Petitioner made a response opposing the dismissal, which is dated May 16, 2013. Petitioner argued dismissal was improper because "(1) Due Process and the Equal Protection Clause; (2) the Indictment's and Warrants; (3) Motion for new trial based on after-discovered evidence; and (4) Applicant was denied the effective assistance of counsel in [violation] of South Carolina law, and Sixth and [Fourteenth] Amendments to the United States Constitution." Petitioner's item 4 complains that his PCR attorney, M. Rita Metts, was ineffective.

At the time of the filing of the memorandum, Respondent asserted that a Final Order had not been entered in 2012-CP-29-708[2] and that Petitioner had apparently filed a 2013 Application (2013-CP-29-1253), but he did not serve the State with his pleading.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

GROUND ONE:    Ineffective Assistance of Counsel.

Supporting Facts:    I needed to understand what issues that could possibly be supported on each ground. Counsel should have visit or even let me know that I were represented. I requested to appear before the court, I needed the change to speak on the issues raised in the application.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants,

---

[2] Based on a search of publicindex.sccourts.org/Lancaster a final order of dismissal in case 2012-CP-29-708 was entered on June 23, 2015.

to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on

must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state

9

court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Petitioner did not file a response.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to

establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty and was sentenced on August 5, 2005. He filed an appeal that was dismissed by the South Carolina Court of Appeals on September 27, 2005, and the remittitur issued on October 13, 2005. Petitioner filed his PCR

---

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

application on May 22, 2006. The matter remained tolled until the South Carolina Supreme Court entered its order denying the petition for writ of certiorari on May 14, 2009. The remittiur was issued on June 2, 2009.

Petitioner filed his federal habeas petition on January 6, 2015, with a Houston v. Lack, 487 U.S. 266 (1988), delivery date of December 29, 2014. However, even using the delivery date of December 29, 2014, the instant petition is time-barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable

12

tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling.[4] Petitioner did not file a response to the motion for summary judgment, and, therefore, has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice. Alternatively, it should be dismissed as barred by the statute of limitations. It is, therefore,

---

[4] Petitioner has made no argument for equitable tolling. However, the time period during which his second and third PCR applications are/were pending would not be tolled as they were not "properly filed" applications for state collateral relief. See 28 U.S.C. 2244(d)(2).

RECOMMENDED that Respondent's motion for summary judgment (document #30) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 17, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**